UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| NJ Records, LLC and Nicole Jackson<br>Plaintiffs<br><br>v.<br><br>Norris Boutte (a.k.a "Tucka")<br>Defendant | CIVIL ACTION<br><br>13-769-BAJ-RLB |

## ORDER

Before the Court is Plaintiff, NJ Records, LLC's Motion to Compel Deposition of Defendant and Request for Expedited Hearing (R. Doc. 9). The Motion is opposed (R. Doc. 10) and NJR filed a response with leave of court (R. Doc. 13).

In the Motion, NJR asserts that, on March 6, 2014, it properly noticed the deposition of the defendant for April 21, 2014. There is no indication that the deposition was ever noticed for any other date.

In a reflection of professional courtesy, NJR continually requested confirmation from counsel for defendant regarding the convenience of the noticed date and a willingness to consider alternative dates upon the suggestion of defendant. The correspondence between the attorneys reflects these attempts by NJR's counsel (R. Doc. 9-3). Despite repeated attempts to gain assurance that April 21, 2014 was acceptable, counsel for defendant was either unwilling or unable to do so. In response, NJR filed the instant motion, seeking a court order compelling the defendant to provide three alternative dates for defendant's deposition, as well as reasonable attorney's fees for the preparation and filing of the motion to compel. (R. Doc. 9-5).

In opposition, defendant asserts that he was "fully planning to confirm said dates or provide additional proposed dates." (R. Doc. 10).  Defendant has since provided NJR with proposed scheduling dates and argues that the motion to compel is both premature and moot.  In response, NJR argues that even if the motion is now moot, costs should still be awarded under Rule 37(a)(5) of the Federal Rules of Civil Procedure because the requested responses were not provided until after the filing of the motion to compel (R. Doc. 13).

This is not a case where the defendant represented that he was refusing to appear at any deposition or that his deposition was not a proper means of discovery.  Rather, NJR's argument is premised on an obligation of the defendant to cooperate in the scheduling of his deposition.  Having failed to so cooperate, NJR seeks a court order requiring him to do so.  There is nothing in Rule 30 to indicate that a party is required to provide dates for his own deposition.  "While the agreement of counsel on a date for a deposition is preferred, it is not required by Rule 30.  The rule requires only reasonable notice.  After making a reasonable attempt to schedule a deposition on a convenient date, counsel desiring to depose a witness must simply schedule the deposition and serve a notice, and a subpoena when required." *Rushing v. Board of Supervisors of the Univ. of La. System*, 06-623-RET-SCR, 2008 WL 4330186, at *2 n.13 (M.D. La. Sept. 15, 2008).  Despite NJR's urging, the court will not compel a party to do something that Rule 30 does not require.

This is also not a case where the defendant failed to appear at the deposition.  *Failure to appear* at a properly noticed deposition is grounds for sanctions.  Rule 37(d)(1)(A)(i) provides for sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition."  Should defendant fail to appear for a properly noticed deposition, then the sanctions requested by NJR, and other sanctions available under Rule 37, may be appropriate.

The parties have represented that alternate dates have been provided. The court encourages the parties to work together on these scheduling matters without intervention. The dates provided are between 4-8 days longer than the originally noticed date of April 21, 2014. (R. Doc. 11-2 n.2). NJR has expressed concern that it will be unable to complete its expert reports by the current deadline of April 30, 2014. Should NJR seek an extension of that deadline because of the difficulty of confirming the deposition dates, the court would look favorably on that request.[1]

The Court will note that NJR's frustration, however, is justified. This dispute could have easily been resolved with a simple response from defendant's counsel regarding the proposed date as opposed to continued delay. The Court is also aware that only upon filing of the motion to compel did defense counsel finally provide a definitive response. If defendant's travel schedule "in pursuit of furthering his career" is of such importance, that is all the more reason to work with opposing counsel in finding an accommodating date rather than waiting for the court to get involved.

IT IS ORDERED that the Motion to Compel (R. Doc. 9) is **DENIED**. For the reasons set forth above, the Court finds that any award of expenses to either party would be unjust. Therefore, each side will bear its own costs related to the motion.

Signed in Baton Rouge, Louisiana, on April 9, 2014.

_____
RICHARD L. BOURGEOIS, JR.
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Rule 16 of the Federal Rules of Civil Procedure provides that a scheduling order deadline may be modified with the judge's consent upon a showing of "good cause." NJR's continued effort to accommodate defense counsel and defendant's schedule, and receipt of a definitive answer only after filing a motion with the court, as well as an apparent willingness to conduct the deposition at a date convenient to the defense but only 4-8 days later than originally requested, would support a finding of good cause for a comparable extension of any applicable deadline.